[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 20, 2010
JOHN LEY
CLERK

_____

No. 09-16029
Non-Argument Calendar

_____

D. C. Docket No. 09-00745-CV-2-MHT

DIANE L. HOLBROOK,

Plaintiff-Appellant,

versus

CASTLE KEY INSURANCE COMPANY,
a foreign profit corporation
a.f.a. AllState Floridian Insurance Company,
STATE OF FLORIDA, OFFICE OF ATTORNEY GENERAL,
THE FLORIDA LEGISLATURE,
ERIC H. HOLDER, JR.,
Attorney General of the United States,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 20, 2010)

Before EDMONDSON, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Diane L. Holbrook, proceeding pro se, appeals the dismissal of her complaint and the denial of her motions for default judgment against Defendants. No reversible error has been shown; we affirm.

Holbrook filed a complaint against Castle Key Insurance Company, the Florida Attorney General, and the United States Attorney General. She complained generally about the outcome of an insurance claim she made and the lack of response from the many persons she contacted about it. Because of the complaint's vague allegations, the district court ordered Holbrook to amend her complaint to provide a more definite statement and to comply with Fed.R.Civ.P. 8. The court also explained to Holbrook how to file an appropriate complaint and advised her that failure to comply with its order could result in the dismissal of her complaint. Holbrook failed to amend her complaint as ordered, despite being given two opportunities to do so. The district court dismissed the complaint, without prejudice, for failure to comply with Rule 8.[1]

---

[1] In its order, the district court also stated that it was dismissing the complaint for failure to state a claim. Whether the court had the authority sua sponte to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is unclear. See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526-27 (11th Cir. 1983) (prohibiting the sua sponte dismissal of a claim as meritless under Rule 12(b)(6) where the district court did not provide plaintiff certain procedural safeguards). But this distinction does not bear on the outcome of this appeal because (1) the court's order also clearly dismissed the complaint for noncompliance; and (2) the court's dismissal for noncompliance was, as discussed, not in error. We may affirm on any ground supported in the record. See Trotter v. Sec'y, Dep't of Corr., 535

2

On appeal, Holbrook argues that her complaint adequately was pleaded and that the district court should have granted her motions for default judgment against Defendants because they failed to respond to her complaint. We review orders dismissing complaints based on non-compliance for an abuse of discretion. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). And we also review the denial of a default judgment for an abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002).

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement. Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996). Where the allegations of a complaint are "vague and ambiguous -- leaving the reader to guess at precisely what the plaintiff [is] claiming," the court should order a repleader. Byrne v. Nezhat, 261 F.3d 1075, 1128-31 (11th Cir. 2001) (stressing the district court's responsibility to halt the use of "shotgun" pleadings).

The nature of Holbrook's legal claims against the named defendants and the factual basis for such claims were incomprehensible: far short of the "short and

---

F.3d 1286, 1291 (11th Cir. 2008).

plain" statement requirement of Rule 8. Although Holbrook referenced many people and many legal terms, she did not describe how each defendant injured her or point to the laws under which she was asserting a cause of action. And she failed to remedy these deficiencies even upon explicit instruction by the district court on how to do so.[2] Thus, we cannot say that the district court abused its discretion in ordering Holbrook to file a more comprehensible complaint and in ultimately dismissing the complaint upon Holbrook's noncompliance. See Fed.R.Civ.P. 12(e) (noting that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order" ).

The court also abused no discretion in denying Holbrook's motions for default judgment. The entry of a default judgment is required "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). While it is true that Defendants filed no responsive pleading within the general time for doing so, the court specifically relieved Defendants of

---

[2]Although courts must liberally construe pro se pleadings, this obligation "is not the equivalent of a duty to re-write [a complaint] for [the plaintiff]." Snow v. DirectTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted).

this obligation in the light of the complaint's deficiencies.  This act was consistent with the court's obligation to ensure compliance with the pleading requirements of Rule 8.  See Byrne, 261 F.3d at 1129.  And because Holbrook did not cure the pleading deficiencies, Defendants never became obligated to file a responsive pleading.

AFFIRMED.