DLD-074                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1106
_____

DAMON RUSSELL EVERLY,
                                                                    Appellant
v.

THE ALLEGHENY COUNTY EXECUTIVE DIRECTOR,
Office Administrator Command In Director
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-00869)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: January 5, 2012)
_____

OPINION
_____

PER CURIAM

     Pro se appellant Damon Everly appeals the District Court's order dismissing his

complaint.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District

Court's order for abuse of discretion.  See In re Westinghouse Sec. Litig., 90 F.3d 696,

702 (3d Cir. 1996). For the reasons discussed below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Everly filed a complaint in July 2010 that was exceptionally under-developed. He claimed that his constitutional rights had been violated, but did not explain who violated his rights, what conduct was at issue, when the violation occurred, or what injury he suffered. The defendant, the Allegheny County Executive Director ("the Director"), filed a motion for a more definite statement, which the District Court granted. The Court ordered Everly to file an amended complaint by November 3, 2010; Everly did not do so, and the District Court ultimately dismissed the case on November 29, 2010. Everly then filed a notice of appeal to this Court.

As an initial matter, we will dispose of several preliminary issues. While Everly's appeal was dismissed for failure to prosecute because he neither paid the fees nor filed an application to appeal in forma pauperis (IFP), he soon thereafter filed an IFP application and a motion to reopen. We are satisfied that Everly has established good cause to reopen his case, see 3d Cir. L.A.R. 107.2(a), and that he is entitled to proceed IFP, see 28 U.S.C. § 1915. Accordingly, we grant his motion to reopen and his IFP application.

We also conclude that Everly's notice of appeal was timely. Because Everly was incarcerated at the time that he filed his notice of appeal, his document is deemed timely "if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). Everly mailed his notice of appeal on December 16, 2010, well within the 30-day period prescribed by Rule 4(a)(1)(A) of the Federal Rules of

2

Appellate Procedure. See generally Sulik v. Taney Cnty., 316 F.3d 813, 814 (8th Cir. 2003). We therefore deny the Director's motion to dismiss the appeal for lack of jurisdiction.

Nevertheless, Everly is entitled to no relief on appeal. As the District Court observed, Everly's complaint both lacked essential information and was extremely difficult to follow. See, e.g., Compl. at 4 ("Thus, Allowing in now here-in, under its established empowerments, Code of official Conduct, to freely venture without restraint in was, coursed of the Countys Authority, Administrations obligated objective in disallowing, Ones safe, and well-being, in State to a prisoners rights, to, be fully, and totally, Constitutionally Rights Violated."). The District Court therefore acted within its discretion when it ordered Everly to file a more definite statement. See Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."); see also Alston v. Parker, 363 F.3d 229, 234 n.7 (3d Cir. 2004).

In its order requiring a more definite statement, the District Court provided Everly with clear instructions as to what was needed to cure the complaint's deficiencies. Despite these instructions, Everly did not amend his complaint or otherwise attempt to clarify his claims. Accordingly, the District Court did not abuse its discretion in dismissing the complaint for failure to comply with Rule 8. See Rule 12(e) ("If the court orders a more definite statement and the order is not obeyed . . ., the court may strike the

3

pleading"); <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 302 (3d Cir. 2006); <u>see also</u>

<u>Schaedler v. Reading Eagle Publ'n, Inc.</u>, 370 F.2d 795, 798 n.1 (3d Cir. 1967).

We will thus summarily affirm the District Court's order dismissing Everly's

complaint.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.