FILED
United States Court of Appeals
Tenth Circuit

July 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY DUANE CRISLER and JOYCE
ELAINE BILLINGSLEY d/b/a
CARRIAGE HOUSE,

      Plaintiffs-Appellants,

v.

SEDGWICK COUNTY, KANSAS,
MICHAEL BORCHARD, PATRICIA J.
PARKER, and LINDA KIZZIRE,

      Defendants-Appellees.

No. 12-3020
(D.C. No. 6:11-CV-01201-RDR-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

Pro se plaintiffs-appellants Larry Crisler and Joyce Billingsley (together,

"Plaintiffs"), husband and wife, appeal from the district court's dismissal of their

complaint with prejudice pursuant to Fed. R. Civ. 12(e) (permitting striking of a pleading

or "any other appropriate order" in light of a party's failure to provide a more definite

---

[*]The parties agree that oral argument would not materially assist the
determination of this appeal. This Order and Judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
The court generally disfavors the citation of orders and judgments; nevertheless,
an order and judgment may be cited under the terms and conditions of 10th Cir.
R. 32.1(A).

statement of a pleading) and 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

Plaintiffs filed suit against Sedgwick County, Kansas, and multiple county officials (collectively, "Defendants") in July 2011. Plaintiffs' complaint referenced real estate laws, tax provisions, and federal constitutional rights, and sought more than $2 million from Defendants. Defendants filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), seeking clarification regarding Plaintiffs' vague and ambiguous complaint. The district court granted that unopposed motion, ordering Plaintiffs to "address[] the eight topics listed in [D]efendants' motion," and advising them that "[f]ailure to comply may result in . . . dismissal of the case." R. at 26. In response, Plaintiffs submitted, to invoke the district court's words, "a document with 382 pages of attachments" that "fail[ed] to specifically address the matters in the [D]efendants' motion . . . ." R. at 434. Defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(e) and 41(b), and the district court granted that motion. Plaintiffs appealed.

Reviewing for an abuse of discretion, see, e.g., Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003), we determine that dismissal of Plaintiffs' complaint was proper in this case, for substantially the same reasons discussed in the district court's order of dismissal. Liberally construing Plaintiffs' complaint, the complaint was so vague and ambiguous such that Plaintiffs failure to provide a more definite statement warranted dismissal under Rule 12(e). See R. at 434-36. Also, Plaintiffs' relatively incoherent and

voluminous response to the order to provide a more definite statement amounted to effective non-compliance with the district court's order, thus warranting dismissal under Rule 41(b).[1] See id. at 436-38.

Plaintiffs' appellate brief fails to identify error in the district court's decision. Instead, it makes unsupported accusations against Kansas officials concerning deception, failure to include certain documents in the record, and other improprieties. The brief then merely regurgitates or incorporates by reference parts of previous pleadings and the docket in this case. The fatal defect in Plaintiffs' case—failure adequately to respond to the district court's order by providing a clear, concise articulation of their claimed bases for jurisdiction and relief—would not be cured by the court's taking notice of an alleged box of additional documents. Nor do Plaintiffs' few nebulous references to negligence and corruption lurking behind the scenes in the judicial system below compel the conclusion that the district court abused its discretion in dismissing this case.

---

[1] Plaintiffs' bald assertion that they never received a copy of Defendants' Rule 12(e) motion is unsubstantiated. Plaintiffs' October 14, 2011, filing, "In Response to Defendant's [sic] Motion for a More Definite Statement," see R. Vol. 1 at 31, suggests that Plaintiffs did in fact have access to the Defendants' Rule 12(e) motion; although in that same October 14 filing, Plaintiffs asserted that "no motion has been received by the plaintiff's [sic] from defendant's [sic] with their request for eight topics to be addressed with a more definite statement," id. It is *conceivable* (though wholly unsupported, aside from Plaintiffs' bald assertions) that the Plaintiffs did not receive the Defendants' Rule 12(e) motion, and were simply responding, in their October 14 filing, to the district court's order granting Plaintiffs' motion—an order that they did receive, and which referenced Defendants' motion and its eight topics. However, even if Plaintiffs had not received Defendants' Rule 12(e) motion, Plaintiffs still ultimately failed to provide a coherent statement of their case, so dismissal would be warranted nonetheless.

AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge