# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

―――

Decided February 5, 2013

No. 11-7146

SHEKITA C. DYSON,
APPELLANT

v.

DISTRICT OF COLUMBIA,
APPELLEE

―――

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-01454)

―――

*Donna Williams Rucker* was on the briefs for appellant.

*Irvin B. Nathan*, Attorney General, Office of the Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, *Donna M. Murasky*, Deputy Solicitor General, and *Carl J. Schifferle*, Assistant Attorney General, were on the brief for appellee.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j).

Before: HENDERSON and GRIFFITH, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*: Appellant, Shekita Dyson, filed a complaint in the District Court on August 26, 2010, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the District of Columbia Human Rights Act of 1977, D.C. CODE §§ 2-1401.01, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against the District of Columbia ("City"). The complaint alleged that Appellant had suffered sexual harassment during the course of her employment with the District of Columbia Fire and Emergency Medical Services ("DCFEMS"). On November 1, 2010, as supplemented on May 18, 2011, the City moved to dismiss or, in the alternative, for summary judgment, contending that the Charge filed by Appellant with the Equal Employment Opportunity Commission ("EEOC") was untimely. The District Court granted the City's motion, dismissed Appellant's Title VII claim with prejudice because she had not filed a timely Charge with the EEOC, and declined to exercise supplemental jurisdiction over Appellant's D.C. Human Rights Act claim. *Dyson v. District of Columbia*, 808 F. Supp. 2d 84 (D.D.C. 2011) ("*Dismissal Decision*").

The District Court also noted that "Plaintiff [had] clarifie[d] that she [was] not asserting an independent cause of action under section 1981a but rather that it [was] referenced in her complaint as part and parcel of her Title VII claim." *Id.* at 88 n.5. The District judge thus concluded that there were "no 'claims' under [section 1981a] for the Court to dismiss." *Id.*

On September 28, 2011, Appellant filed a motion for reconsideration pursuant to Rule 59(e), FED. R. CIV. P. 59(e), "claiming that the time that elapsed while the EEOC[] processed her charge of discrimination should toll the statute of limitations." *Dyson v. District of Columbia*, No. 10-1454, slip op. at 2 (D.D.C. Nov. 4, 2011) ("*Reconsideration Decision*"). The District Court denied Appellant's motion, holding that "the circumstances of this case do not warrant equitable tolling." *Id*. at 3. Appellant now appeals solely from the District Court's denial of her motion for reconsideration.

We hold that the District Court did not err in finding that Appellant failed to meet the requirements for equitable tolling of the statute of limitations. She neither pursued her rights diligently nor proved that some extraordinary circumstance prevented her from satisfying the statute of limitations. *See Felter v. Kempthorne*, 473 F.3d 1255, 1260 (D.C. Cir. 2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Therefore, we are constrained to affirm the District Court's denial of Appellant's motion for reconsideration.

## I. Background

Appellant worked for DCFEMS as an emergency medical technician beginning in July 1997. *Dismissal Decision*, 808 F. Supp. 2d at 85. She alleged that, between "early 2007" and "May 15, 2007," Lieutenant James Clem, with whom she worked in DCFEMS, sexually harassed her. *Id.* at 85, 87. The District Court noted, based on the parties' submissions, that it was "unclear" whether Lt. Clem was Appellant's direct supervisor, but that "he outranked her, and he was authorized to discipline her and approve her overtime." *Id.* at 85.

Title VII requires that an administrative charge be filed within 180 days "after the alleged unlawful employment practice occurred" or within 300 days if "the person aggrieved

has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1). The statute also prescribes that a Charge "shall be in writing and under oath or affirmation." *Id.* § 2000e-5(b).

On December 17, 2007 – 216 days after the alleged sexual harassment had ended – Appellant filed an Intake Questionnaire with the EEOC outlining the alleged sexual harassment. *See* Intake Questionnaire, *reprinted in* J.A. 68-71. The Intake Questionnaire is not a Charge of discrimination. A claimant normally files a Charge with the EEOC after the agency reviews the Intake Questionnaire. The Questionnaire expressly reminds claimants that "a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination." *Id.* at 1, *reprinted in* J.A. 68. The Questionnaire also instructs a claimant to call the EEOC if she or he has "not heard from an EEOC office within 30 days of mailing" the Questionnaire. *Id.* at 4, *reprinted in* J.A. 71. This instruction appeared just below Appellant's signature on the Intake Questionnaire. *Id.*

Appellant did not contact the EEOC between December 17, 2007, and April 17, 2008. The EEOC mailed Appellant a draft Charge of discrimination on March 17, 2008. On April 17, 2008, the EEOC received a Charge from Appellant, signed and dated the previous day. Charge of Discrimination, *reprinted in* J.A. 37-38. Her Charge was thus filed with the EEOC more than three hundred days after May 15, 2007, when the alleged harassment had ended. The District Court determined that, "[a]ssuming that the longer 300-day time period applies because plaintiff first instituted proceedings with [the District of Columbia Office of Human Rights], plaintiff's deadline for filing with the state agency was March

12, 2008. Plaintiff did not file her Charge of discrimination until April 17, 2008, which is 38 days after the filing deadline. Thus, her Title VII claims are untimely." *Dismissal Decision*, 808 F. Supp. 2d at 87.

In her motion for reconsideration, Appellant claimed that the time that had elapsed while the EEOC processed her Intake Questionnaire before sending her a draft Charge of discrimination should toll the statute of limitations. *Reconsideration Decision* at 2. The District Court described Appellant's equitable tolling argument as a "variation" of the argument she had raised in response to the City's motion to dismiss. *Id.* In the view of the District Court, Appellant's motion for reconsideration offered "a similar but slightly different reason for why the statute of limitations should be tolled, but the result is the same." *Id.* The court then rejected the motion for reconsideration on the following grounds:

> Application of equitable tolling is solely within the Court's discretion. *Fortune v. Holder*, 767 F. Supp. 2d 116, 119-21 (D.D.C. 201l). "The court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir 1998), citing *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). The Court finds that the circumstances of this case do not warrant equitable tolling. Plaintiff bears responsibility for much of the time that was wasted during the statute of limitations period. The 300-day statute of limitations clock began running on the date the alleged harassment ceased. Here, that date was May 15, 2007. But plaintiff waited over seven months – until December 17, 2007 – to contact the EEOC. The fact that it then took the EEOC three months to mail her the Charge (Form 5) does not alter the

conclusion that a substantial majority of the delay was attributable to plaintiff.

*Reconsideration Decision* at 3.

On December 2, 2011, Plaintiff filed a timely Notice of Appeal from the *Reconsideration Decision*.

## II. Appealability

The City argues that Appellant's new theory of equitable tolling raised in support of her motion for reconsideration was untimely and therefore should not be considered by this court. Br. for Appellee at 9. The City cites *Carter v. Washington Metropolitan Area Transit Authority*, 503 F.3d 143, 145-46 n.2 (D.C. Cir. 2007), for the principle that an appellate court will not consider an argument raised for the first time in a motion for reconsideration. There are two problems with the City's claim: first, the City failed to raise this argument with the District Court; and, second, *Carter* is inapposite.

The City's argument was effectively forfeited because it was not raised with the District Court in opposition to Appellant's motion for reconsideration. *Potter v. District of Columbia*, 558 F.3d 542, 550 (D.C. Cir. 2009) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (quoting *District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984))). The City is correct that the District Court might have rejected Appellant's equitable tolling argument as untimely; had it done so we would have reviewed that decision only for abuse of discretion. *See, e.g.*, *Carter*, 503 F.3d at 145-46 n.2 (declining to consider on appeal an equitable tolling argument raised in the first instance in a Rule 59(e) motion). However, because the timeliness of Appellant's new equitable tolling argument was neither raised

with nor considered by the District Court, we do not address it.

Although "[i]t is well settled that an issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised," *District of Columbia v. Doe*, 611 F.3d 888, 896 (D.C. Cir. 2010), such an issue is subject to appellate review if the district court exercises its discretion to consider the issue on the merits, *id*. This point was made clear in *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336 (D.C. Cir. 1991), where then-Judge Ruth Bader Ginsburg wrote that because "the district court expressly stated that it had 'carefully consider[ed]' the matters raised in the [Rule 59(e)] motion . . . [it did not matter] whether or not the . . . theory was a 'new argument.'" *Id*. at 341 n.9. The new argument raised in the Rule 59(e) motion was subject to review because "the district court apparently decided the issue on the merits, in the same manner it decided other issues in the case." *Id*. That is what happened in this case.

In response to the City's motion to dismiss, Appellant "asserted that because a limitations period is typically tolled when a complaint is pending at the EEOC, it should have been tolled for the period between when she completed an EEOC intake questionnaire on December 17, 2007 and the date she filed her official charge of discrimination on April 17, 2008." *Reconsideration Decision* at 2. The District Court considered and rejected this claim. In support of her motion for reconsideration, Appellant raised a new and slightly different theory in support of equitable tolling, "claiming that the time that elapsed while the EEOC[] processed her charge of discrimination should toll the statute of limitations." *Reconsideration Decision* at 2. The District Court addressed the new equitable tolling theory and rejected Appellant's claim on the merits. The City did not argue that Appellant's

new theory was untimely, nor did the District Court characterize it as such. Rather, the District Court decided the issue on the merits. Accordingly, Appellant's new theory of equitable tolling is subject to review by this court. *Connors*, 935 F.2d at 341 n.9.

### III.  Standard of Review

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (citations omitted). And we normally review district court denials of Rule 59(e) motions only for abuse of discretion. *Id.*; *see also Anyanwutaku v. Moore*, 151 F.3d 1053, 1058 (D.C. Cir. 1998). There are some situations, however, in which we review the District Court's denial of a motion for reconsideration *de novo*. This case presents such a situation.

*De novo* review is appropriate in this case because the District Court *assessed the merits* of equitable tolling both when it granted the City's motion to dismiss and again when it denied Appellant's motion for reconsideration. The abuse of discretion standard ordinarily applies to a district judge's decision *whether to consider* a new theory raised on motion for reconsideration. *Connors*, 935 F.2d at 341 n.9. In this case, the District Court did consider the merits of Appellant's new theory of equitable tolling. Therefore, we review the matter *de novo*, just as we would have if Appellant had appealed the District Court's rejection of her theory of equitable tolling presented in opposition to the City's motion to dismiss. *See Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 402 & n.4 (D.C. Cir. 2012) (noting that if the district court addresses the merits of a new theory raised for the first

time pursuant to Rule 59(e), the appellate court "would review that decision *de novo*"). The principles enunciated in *Patton Boggs* and *Connors* are controlling in this case regarding the appropriate standard for our review of the District Court's denial of Appellant's motion for reconsideration.

## IV.  The Merits

### A.  The Matter Under Review

In her principal brief to this court, Appellant touches on some matters that were resolved by the District Court in its *Dismissal Decision*. As noted above, however, the issues before this court relate only to the *Reconsideration Decision*, not the *Dismissal Decision*. This is not in dispute.

Appellant's appeal designated only the *Reconsideration Decision*, not the underlying *Dismissal Decision*. *See* Appellant's Notice of Appeal, Dec. 7, 2011 (attaching District Court docket and *Reconsideration Decision* but not *Dismissal Decision*); Br. for Appellant at i ("The appellant files this appealed [sic] from the Memorandum Opinion and Order (unpublished) entered on November 7, 2011, by U.S. District Judge Amy Berman Jackson, denying the Plaintiff's Motion for Reconsideration . . . ."); Br. for Appellant at 5 ("Plaintiff filed her Notice of Appeal of the District Court's Amended Order denying Plaintiff's Motion for Reconsideration."). The City also understood that Appellant had appealed only from the *Reconsideration Decision*. Br. for Appellee at 1 ("Ms. Dyson appeals only the order denying reconsideration."). Our review in this case is thus limited to the *Reconsideration Decision*.

## B. Equitable Tolling

On the merits, Appellant argues the District Court erred when it failed to find that she was entitled to equitable tolling of her deadline to timely file her Charge with the EEOC. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). This right is not without limit, however. A "petitioner is entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also, e.g.*, *Felter*, 473 F.3d at 1260. This is a weighty burden. We will toll a filing deadline "only in extraordinary and carefully circumscribed instances." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579-80 (D.C. Cir. 1998).

Appellant argues that she satisfied the requirements for equitable tolling. We disagree. The District Court concluded that Appellant neither pursued her rights diligently nor proved that an extraordinary circumstance stood in her way. The District Court's findings are not in error.

The undisputed facts in this case make it clear that Appellant bears responsibility for failing to file a timely Charge with the EEOC. She delayed unnecessarily in filing her Intake Questionnaire with the EEOC. She then failed to communicate with the EEOC about the filing of her Charge. The District Court assumed that Appellant had 300 days from the last occurrence of alleged sexual harassment on May 15, 2007 − until March 12, 2008 − to file her Charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). However, without

explanation or excuse, Appellant waited over seven months, until December 17, 2007, to submit her Intake Questionnaire to the EEOC. *Reconsideration Decision* at 3. She then filed her Charge with the EEOC on April 17, 2008. These facts certainly do not suggest that Appellant was pursuing her rights diligently.

Appellant had good reason to know when she was required to file a Charge with the EEOC. The Intake Questionnaire that she signed explicitly reminded her that "a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination." Intake Questionnaire at 1, *reprinted in* J.A. 68. And, at the bottom of the last page, just below the line on which Appellant signed her name, the Intake Questionnaire stated: "If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free [sic] number shown on the letter accompanying this form." *Id.* at 4, *reprinted in* J.A. 71. Appellant never contacted the EEOC to inquire about her Charge.

"[W]e have tolled time limits in Title VII cases when complainants neither knew nor had reason to know about the limit." *Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997). In this case, however, Appellant was given clear notice of her responsibilities. She cannot now argue that she was unaware of her impending deadline; she simply failed to meet the filing deadline. Furthermore, as the District Court noted, Appellant cannot claim diligence when her own delay in filing her Intake Questionnaire caused a substantial portion of the overall delay. *Reconsideration Decision* at 3.

To merit equitable tolling, Appellant must also show that extraordinary circumstances prevented her from meeting her filing deadlines. Equitable tolling is meant to "ensure[] that

the plaintiff is not, by dint of circumstances beyond his control, deprived of a reasonable time in which to file suit." *Chung v. U.S. Dep't of Justice,* 333 F.3d 273, 279 (D.C. Cir. 2003). Appellant argues that she was unable to meet her filing deadline because she did not receive her Charge from the EEOC until after the filing deadline had passed. Br. for Appellant at 14 ("It was impossible for Appellant to execute the proper paperwork needed to timely file her complaint when she had never been requested to execute the same when the deadline occurred."). To the contrary, Appellant bears full responsibility both for her extreme delay in filing her Intake Questionnaire with the EEOC and for her failure to investigate the progress of her claim at the EEOC. *See e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012). The fact that the EEOC had not returned her Charge before it was due was by no means beyond Appellant's control; she was complicit in the delay and never bothered to call the EEOC to inquire about her Charge.

Finally, Appellant cites cases holding that equitable tolling is proper where the plaintiff has received "inaccurate or ineffective notice from a government agency required to provide notice of the limitations period." *Bowden*, 106 F.3d at 438; Br. for Appellant at 11. However, Appellant has not alleged that either the EEOC or the District of Columbia misled her as to her filing deadline. *See Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752-53 (D.C. Cir. 1998). Quite the contrary. The Intake Questionnaire explicitly instructed Appellant to call the EEOC if she had "not heard from an EEOC office within 30 days of mailing" the Questionnaire. Intake Questionnaire at 4, *reprinted in* J.A. 71. She never did this. On this record, it is clear that Appellant has failed to establish any extraordinary circumstances that precluded her timely filing of her Charge.

On this record, we hold that Appellant easily could have satisfied the March 12, 2008 deadline but failed to do so. She is therefore not entitled to equitable tolling.

## V.  Conclusion

For the foregoing reasons, the District Court's *Reconsideration Decision* is affirmed.