UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
RANDOLPH S. KOCH,                       )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 12-0301 (PLF)
                                        )
MARY JO WHITE,                          )
  Chair, Securities and Exchange        )
  Commission, *et al*.                  )
                                        )
            Defendants.                 )
_____ )

MEMORANDUM OPINION AND ORDER

On September 10, 2013, the Court granted the defendants' motion to dismiss

plaintiff's complaint in this employment discrimination matter.  Koch v. White, 967 F. Supp. 2d

326 (D.D.C. 2013).  The plaintiff has moved for reconsideration pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure and has requested the appointment of *pro bono* counsel.  Upon

careful consideration of the parties' arguments, this Court's September 10, 2013 decision, and

the entire record in this case, the Court will deny plaintiff's motion.[1]

Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil

Procedure "need not be granted unless the district court finds that there is an intervening change

of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

---

[1]        The papers reviewed in connection with the pending motion include the
following: plaintiff's civil complaint ("Compl.") [Dkt. No. 1]; defendants' motion to dismiss
[Dkt. No. 15]; plaintiff's motion for reconsideration and appointment of counsel ("Pl.'s Mot.")
[Dkt. No. 23]; defendants' opposition to plaintiff's motion [Dkt. No. 25], and this Court's
Opinion dismissing plaintiff's complaint [Dkt. No. 22], cited as Koch v. White, 967 F. Supp. 2d
326 (D.D.C. 2013).

manifest injustice." <u>Dyson v. District of Columbia</u>, 710 F.3d 415, 420 (D.C. Cir. 2013) (quoting

<u>Ciralsky v. CIA</u>, 355 F.3d 661, 671 (D.C. Cir. 2004)).  Rule 59(e) motions "may not be used . . .

to raise new arguments or present evidence that could have been raised prior to the entry of

judgment." <u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)

(internal quotation omitted); <u>see</u> <u>also</u> <u>MDB Commc'ns, Inc. v. Hartford Casualty Ins. Co.</u>, 531 F.

Supp. 2d 75, 79 (D.D.C. 2008).  Motions for reconsideration are disfavored and are "granted

only when the moving party establishes extraordinary circumstances." <u>Solomon v. Univ. of</u>

<u>Southern California</u>, 255 F.R.D. 303, 305 (D.D.C. 2009) (quoting <u>Niedermeier v. Office of Max</u>

<u>S. Baucus</u>, 153 F. Supp. 2d at 28).

   The Court notes at the outset that the plaintiff, Randolph S. Koch, attempts in his

motion "to raise new arguments . . . that could have been raised prior to the entry of judgment."

<u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d at 28; <u>see</u> Pl.'s Mot. at 5.  The

government filed the motion to dismiss on October 12, 2012.  The Court subsequently granted

Mr. Koch two extensions of time within which to oppose the government's motion. <u>See</u> Minute

Order dated November 2, 2012; Minute Order dated January 7, 2013.  On February 15, 2013, the

Court directed Mr. Koch to file his opposition no later than February 28, 2013, and informed him

of the risks of failing to respond. <u>See</u> Mem. Op. & Order, Dkt. No. 20.  But Mr. Koch did not

submit any response by this deadline.  It was only *after* the Court rendered a decision in the

government's favor on September 10, 2013, that Mr. Koch responded to the motion to dismiss,

via his motion for reconsideration.[2]

---

   [2] The Court notes that while Mr. Koch is proceeding *pro se*, he has been trained as
an attorney and has submitted briefs in opposition to dispositive motions in numerous other
cases. <u>See</u>, <u>e.g.</u>, Plaintiff's Memorandum in Support of His Opposition to Defendant's Motion to
Dismiss, Civil Action No. 08-1521, Dkt. No. 62; Plaintiff's Memorandum of Points and
Authorities to Defendant's Dispositive Motion, Civil Action No. 10-0150, Dkt. No. 33.  The

Moreover, Mr. Koch fails in his motion to provide any legal basis for reconsideration of this Court's decision. He identifies no intervening change in law or newly available evidence, nor does he point to any clear error in the decision. The Court therefore finds that Mr. Koch has failed to demonstrate circumstances warranting reconsideration of its September 10, 2013 Opinion and Order.

Mr. Koch also requests the appointment of *pro bono* counsel to assist him in this case as well as a related case. Mr. Koch is not proceeding *in forma pauperis* in either case and therefore does not qualify for appointment of counsel from the Court's Civil Pro Bono Panel. See LOC. CIV. R. 83.11(b)(3).

Accordingly, it is hereby

ORDERED that [Dkt. No. 23] plaintiff's motion for reconsideration is DENIED; and it is

FURTHER ORDERED that plaintiff's motion for the appointment of counsel [Dkt. No. 23] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN

DATE:   June 11, 2014                 United States District Judge

---

Court is sympathetic to Mr. Koch's ongoing medical issues; accordingly, it has incorporated flexibility into its briefing schedules in this and other cases brought by Mr. Koch, see Mem. Op. & Order, Dkt. No. 6 (June 25, 2012), and entertained belated requests for extensions of filing deadlines. See, e.g., Minute Order of November 2, 2012. But this flexibility must have its limits.