# 1

**Lawrence O. ANYASO, Plaintiff,**

v.

**UNITED STATES CAPITOL POLICE, Defendant.**

**Civil Action No. 12–1327(ESH)**

United States District Court,
District of Columbia.

Signed June 30, 2014

Boniface K. Cobbina, Boniface K. Cobbina, Esquire, Washington, DC, for Plaintiff.

Frederick Michael Herrera, United States Capitol Police, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

ELLEN SEGAL HUVELLE, United States District Judge

On August 10, 2012, plaintiff Lawrence Anyaso filed suit against his employer, the United States Capitol Police ("USCP"), alleging discrimination on the basis of race in violation of the Congressional Accountability Act ("CAA"), 2 U.S.C. §§ 1408, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*[1] (Compl., Aug. 10, 2014 [ECF No. 1], at ¶¶ 1, 36.) In accordance with scheduling orders issued by this Court, defendant filed a motion for summary judgment on December 16, 2013. (Def.'s Mot. for Summ. J., Dec. 16, 2013 [ECF No. 17].) After several extensions of time, plaintiff's counsel filed an opposition on February 10, 2014. (Mem in Opp. to Def.'s Mot. for Summ. J., Feb. 10, 2014 [ECF No. 22].) Two weeks later, plaintiff's counsel sought leave to file a "corrected opposition." (Mot. for Leave to File Corrected Opp. to Mot. for Summ. J., Feb. 24, 2014 [ECF No. 23].) For the reasons articulated in its Memorandum Opinion and Order issued on February 27, 2014, this Court denied plaintiff's motion for leave to file a "corrected opposition" holding

---

1. He later amended his complaint to allege that he also had been unlawfully retaliated against because he engaged in statutorily protected activities. (Amend. Compl., Dec. 27, 2012 [ECF No. 7], at ¶¶ 42–43.)

that "plaintiff's characterization of its new brief as a 'corrected opposition' [wa]s, at best, highly misleading," because "the 'corrected' brief [wa]s more than twice the length of the original brief [and] cover[ed] new legal issues entirely ignored in the initial opposition filed on February 10, 2014." (Mem. Opp. and Order, Feb. 27, 2014 [ECF No. 27], at 4.) Subsequently, based on its consideration of the papers that were timely filed, this Court granted summary judgment for the defendant. *Anyaso v. United States Capitol Police*, 39 F.Supp.3d 34 (D.D.C.2014). Plaintiff now moves for reconsideration of that decision under Fed. R. Civ. P. 59(e). (Mot. to Alter or Amend J., May 15, 2014 [ECF No. 31] ("Mot.").) For the reasons stated below, plaintiff's motion will be denied.

## LEGAL STANDARD

■ The Court of Appeals has consistently held that, " '[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Dyson v. Dist. of Columbia*, 710 F.3d 415, 420 (D.C.Cir.2013) (quoting *Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C.Cir. 2004)). Such motions are disfavored and are "not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." *Indep. Petroleum Ass'n of America v. Babbitt*, 178 F.R.D. 323, 324 (D.D.C.1998). These motions are also unavailable to a party who simply seeks "to bring before the Court theories or arguments that could have been advanced earlier." *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C.2001) (quoting *W.C. & A.N. Miller Co.'s v. United States*, 173 F.R.D. 1, 3 (D.D.C.1997)); *see also New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995) ("[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

## ANALYSIS

■ Plaintiff's motion fails to identify a single extraordinary circumstance that compels the reconsideration of this Court's prior Memorandum Opinion and Order. In fact, plaintiff's motion does not even attempt to argue that there has been an intervening change of controlling law, that new evidence is now available, or that this Court made a clear error necessitating an alteration or amendment to its prior decision. Instead, plaintiff's motion for reconsideration merely seeks to relitigate the merits of the case arguing that "(1) [p]laintiff's disparate discriminatory discipline claims are factually and legally supportable; and (2)[p]laintiff's retaliatory claims are also factually and legally supportable." (Mot. at 1.)

This motion represents nothing more than a last ditch effort to put forward the arguments plaintiff's counsel sought to make in the "corrected opposition" that this Court refused to consider because it was not filed in a timely manner. In fact, the factual background section of the motion for reconsideration (which comprises eleven of the motion's twenty-nine pages) is largely lifted verbatim from this "corrected opposition" and the remainder of the motion merely rehashes the arguments made in the "corrected opposition." Ultimately, because this motion for reconsideration seeks to relitigate the merits of the case based on evidence and legal arguments known to the plaintiff at the time he filed his initial opposition, it will be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Reconsideration [ECF No. 31] is **DENIED**.