**Venkareddy CHENNAREDDY, General Class Complainant representing Himself and all others similarly situated, et al., Appellants**

v.

**Gene DODARO, Comptroller General of the United States, Appellee**

No. 12–5178

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed on: APRIL 25, 2017

Walter T. Charlton, Walter T. Charlton & Associates, Washington, DC, for Appellants.

Brian J. Field, R. Craig Lawrence, Peter Rolf Maier, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS and GRIFFITH, Circuit Judges, and SENTELLE, Senior Circuit Judge.

**JUDGMENT**

Per Curiam

This appeal was considered upon the briefs of the parties and the record from the United States District Court for the District of Columbia. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. Rule 36(d). It is

ORDERED AND ADJUDGED that the district court's dismissal of the complaint and denial of appellant's motions be affirmed for the reasons more fully set out in the memorandum filed simultaneously herewith.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**MEMORANDUM**

This lengthy case began in 1987 when a Government Accountability Office ("GAO") employee, Venkareddy Chennareddy, and

other employees (collectively "Chennareddy" or "Appellants") asserted a discrimination complaint and sought to do so on behalf of a class. *See Chennareddy v. Dodaro*, 282 F.R.D. 9, 10 (D.D.C. 2012). However, the district court did not grant class certification, so only individual claims were relevant at the time of the pertinent court proceedings. *See id.* at 10–11. Chennareddy's subsequent amended complaints, GAO's motions for a more definite statement under Federal Rule of Civil Procedure 12(e), or in the alternative motions to dismiss, and initial recommendations by the Magistrate Judge all culminated in the sixth amended complaint. *Id.* at 11–14. The district court explicitly warned that failure to file a proper complaint would result in dismissal. *Id.* at 12.

The district court classified the sixth amended complaint as one that

largely mirrors the narrative, argumentative style of plaintiffs' fourth and fifth amended complaints. The complaint contains class allegations that refer to "plaintiffs" collectively, in addition to legal argument. The names of only two plaintiffs appear in the text of the complaint itself, and are not accompanied by short and plain statements of either of the two plaintiffs' claims of discrimination.

*Id.* at 13. GAO again moved for a more definite statement or alternatively to dismiss. *Id.* The court struck "the sixth amended complaint and dismiss[ed] the action with prejudice as a result of plaintiffs' persistent, inexplicable failure to comply with the Court's Orders and the Federal Rules." *Id.* at 15. In its analysis, the district court discussed Chennareddy's repeated failure to satisfy the pleading requirements for individual claims, set forth specific facts, do more than make "vague" and "argumentative assertions about discovery violations" or to make a "short and plain" statement of plaintiffs' claims as required by Federal Rule 8. *Id.* at 15–16. The district court also denied Chennareddy's cross-motion for reconsideration of the court's numerous denials of his discovery requests, explaining that allowing "discovery on the merits 'would permit plaintiffs to bypass the pleading stage of litigation entirely, sanctioning an approach under which plaintiffs could simply allege that information held by [a] defendant would prove their claims without actually stating what those claims are in the short and plain statement required by Rule 8(a).'" *Id.* at 17 (citation omitted). Because Chennareddy failed to meet the pleading standard's gate-keeping requirements, the court denied his cross-motion for reconsideration. *Id.*

Courts review dismissals under Rule 12(e) for abuse of discretion. *See Crisler v. Sedgwick Cty.*, 490 Fed.Appx. 983, 984–85 (10th Cir. 2012); *Everly v. Allegheny Cty. Exec. Dir.*, 456 Fed.Appx. 82, 83 (3d Cir. 2012); *Kazenercom TOO v. Ibar Dev., LLC*, 464 Fed.Appx. 588, 590 (9th Cir. 2011); *Holbrook v. Castle Key Ins. Co.*, 405 Fed.Appx. 459, 461 (11th Cir. 2010); *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989). We also review discovery rulings for abuse of discretion. *See Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007). We also generally review denials of motions for reconsideration "only for abuse of discretion." *Dyson v. Dist. of Columbia*, 710 F.3d 415, 420 (D.C. Cir. 2013).

In this case, the district court gave Chennareddy ample opportunities to amend his complaint and, after an explicit warning, dismissed the case when the sixth amended complaint still failed to satisfy basic pleading standards. It is not clear that Chennareddy ever raised the Rule 12(e) dismissal on appeal. However, even assuming he raised it by asserting that his

complaint was sufficient, his challenges fail. The sixth amended complaint is lengthy, has a "narrative, argumentative style," includes "class allegations" even though the district court previously denied the class certification motion, "names [ ] only two plaintiffs ... in the text of the complaint itself, [which is] not accompanied by short and plain statements of either of the two plaintiffs' claims of discrimination," and even seeks to incorporate voluminous and convoluted attachments. *Chennareddy*, 282 F.R.D. at 13. Such disjointed, voluminous, and unspecific pleadings do not comport with Rule 8 of the Federal Rules of Civil Procedure's requirement for a "short and plain statement of the claim" for relief and relevant factual allegations. Fed. R. Civ. P. 8(a). Further, Chennareddy violated the district court's direct order that instructed that the new complaint include specific information regarding the events and dates of the alleged discrimination by declining to include this information in his sixth amended complaint. Thus, the court's dismissal with prejudice is affirmed.

Chennareddy further challenges the district court's denial of numerous attempts to engage in further discovery and denial of reconsideration of those rulings. Motions for reconsideration and discovery rulings are reviewed for abuse of discretion, and the district court acted within its discretion in this case. The court properly reasoned that allowing discovery *before* enforcing the threshold pleading standards would "bypass the pleading stage of litigation entirely" and the purposes of Rule 8. *Chennareddy*, 282 F.R.D. at 17.

For the foregoing reasons, the district court's dismissal of the complaint and denial of Chennareddy's motions are affirmed.